UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID A. PERRIE,

          Plaintiff,

   v.

ONEWEST BANK, FSB, et al.,

          Defendants.

CASE NO. C11-6063BHS

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on Defendant MERSCORP Holdings Inc. f/k/a MERSCORP, Inc.'s ("MERSCORP") motion to dismiss (Dkt. 7). The Court has reviewed the brief filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On December 28, 2011, Plaintiff David Perrie ("Perrie") filed a complaint against Defendants OneWest Bank, FSB; Mortgage Electronic Registration Systems, Inc.; Regional Trustee Services Corporation's ("Regional"); MERSCORP; and numerous unnamed Does and Roes. Dkt. 1.

On March 2, 2012, MERSCORP filed a motion to dismiss. Dkt. 13. Perrie did not respond.

## II. FACTUAL BACKGROUND

On February 8, 2008, Pierre executed a promissory note in the amount of $208,000 payable to IndyMac Bank, FSB. Dkt. 7, Exh. 1. On February 19, 2008, Pierre executed a Deed of Trust that encumbered real property commonly known as 19930 83rd Avenue East, Spanaway, Washington ("Property"). *Id.*, Exh. 2. On May 26, 2011, Pierre was

ORDER - 1

sent a Notice of Default. *Id*., Exh. 3. On August 10, 2011, Regional recorded a Notice of Trustee's Sale and set the sale for November 14, 2011. *Id*., Exh. 5. The sale was initially postponed, but finally occurred on January 13, 2012.

## III. DISCUSSION

As a threshold matter, the Court may consider a failure to respond to a motion as an admission that the motion has merit. Local Rule CR 7(b)(2). Perrie failed to respond to the instant motion and the Court considers the failure an admission that the motion has merit.

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The sole method to contest and enjoin a foreclosure sale is to file an action to enjoin or restrain the sale in accordance with RCW 61.24.130. *CHD, Inc. v. Boyles*, 138 Wn. App. 131, 137 (2007). An individual waives his right to challenge a foreclosure when he "(1) receives notice of the right to enjoin the sale, (2) has actual or constructive knowledge of a defense to foreclosure before the sale, and (3) fails to bring an action to obtain a court order enjoining the sale." *Id*. (citing *Plein v. Lackey*, 149 Wn.2d 214, 227 (2003)).

In this case, Pierre waived his right to contest the foreclosure in this action. Perrie receive notice of his right to enjoin the sale. *See* Dkt. 7, Exh. 5. Perrie had actual knowledge of defenses to the foreclosure. *See* Dkt. 1 (the complaint). Perrie failed to seek a court order enjoining the sale. *Id*.

ORDER - 2

## IV. ORDER

Therefore, it is hereby **ORDERED** that MERSCORP's motion to dismiss (Dkt. 7) is **GRANTED** and Perrie's claims against MERSCORP are **DISMISSED with prejudice**. The Clerk is directed to close this case because all of Pierris's claims against named defendants have been dismissed.

DATED this 5th day of April, 2012.

BENJAMIN H. SETTLE
United States District Judge